(113 So. 784)

No. 28215.

## WEAVER v. LA SALLE FIRE INS. CO.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Corporations ⬤79—Promoter held entitled, under contract with corporation, to promoter's commission on stock sold by him personally, in addition to salesman's commission thereon.

Under contract between promoter and corporation providing that the promotor should have a commission on every share of stock sold in the state, *held*, that the promoter was entitled to the promoter's commission on stock sold by him personally, in addition to the usual salesman's commission thereon.

2. *Corporations* ⬤79—*Promoter held not entitled, under contract, to commission on stock subscriptions on which nothing was paid and which were abandoned.*

Under contract between promoter and corporation providing for a commission on subscriptions to stock, *held*, that promoter was not entitled to commission on certain subscriptions, where nothing was paid thereon and they were in effect canceled and the sale of the stock abandoned.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by William D. Weaver against the La Salle Fire Insurance Company. From a judgment for plaintiff, defendant appeals, and plaintiff joins issue on the appeal, asking that the amount of the judgment be increased. Judgment amended, and, as amended, affirmed.

Dufour, Goldberg & Kammer and Edwin O. Hollins, all of New Orleans, for appellant.

Michel Provosty and R. E. Bell, both of New Orleans, for appellee.

ROGERS, J. Plaintiff sues for an accounting and settlement on a written contract wherein the defendant, originally known as the Liberty National Fire Insurance Company, agreed to pay him for certain services rendered in connection with the organization of the corporation.

Under the' terms of the contract, plaintiff's compensation was fixed at 60 cents per share on all stock sold at $50 and $60 a share, and 75 cents per share on all stock sold at $75 a share. He worked for the company under the agreement from the beginning of January, 1920, until the end of April, 1921. During that period a total of 27,088⅓ shares of stock was sold. Of this number, 2,037 shares, disposed of in the state of Mississippi, admittedly were not covered by the contract. On the remaining 25,031⅓ shares plaintiff claims he is entitled to a commission aggregating $15,905.55, less $11,714.40 received by him in installments at various dates, or a balance due of $4,191.95, for which he prayed for judgment.

The defense to the action is that the terms of the written contract were subsequently restricted by a verbal agreement, so as to exclude any compensation to plaintiff on shares of stock sold to officers and directors and on shares of stock sold by him personally and on which he received the usual commission allowed to salesmen. Defendant maintains that plaintiff was paid in full upon the above basis up and until April 15, 1920, on which date it is averred that the contract was canceled in accordance with its terms.

The court below declined to allow plaintiff extra compensation on 775 shares of stock sold by him personally, amounting to $509.55, and, after deducting that amount from his claim, gave him judgment for the difference—$3,684.60.

Defendant appealed, and plaintiff has joined issue on the appeal asking that the judgment be increased by the sum of $506.55 disallowed by the district court.

[1] The judge before whom the case was tried held that the defendant corporation had failed to prove the alleged subsequent verbal agreement, and, from our examination of the

testimony adduced, our conclusion is that he was correct in so doing. We think, however, that in casting the account between the parties he has fallen into error in two respects; i. e., in rejecting plaintiff's claim for compensation under the contract on 775 shares of stock sold by him personally, and in allowing him a recovery of $975 on 1,344 shares of stock which were wholly unpaid for by the subscribers thereto.

Under the plain terms of the contract itself, plaintiff was to receive for his services a commission on every share of stock sold in this state. There were no reservations nor deductions whatever provided for in the agreement. That it was so understood by plaintiff is clearly apparent from its unsuccessful effort to establish a subsequent verbal understanding whereby certain classes of stock were to be exempted from the operation of the contract. In these circumstances, there is no good reason why plaintiff should not receive his promoter's commission, in addition to the usual salesman's commission on the stock actually sold by him. If the stock had been sold by another salesman, it is admitted he would have been entitled to the promoter's commission. The fact that he personally acted as the salesman does not alter the situation. We think that on this item he is entitled to the extra compensation stipulated in his contract.

[2] The evidence clearly shows that on 1,344 shares subscribed for nothing whatever was paid by the subscribers. The organization committee of the corporation was not allowed any percentage on that stock, and no one else received any commission for its sale. The subscriptions to the stock have been, in effect, canceled and the sale thereof has been abandoned. Our conclusion is that plaintiff is not entitled to any commission on the subscriptions for these particular shares.

In accordance with these views, the account between the parties must be recast so as to deduct from the amount ($4,191.95) originally claimed by plaintiff the sum of $975 covering subscriptions to 1,344 shares of stock which have been canceled as wholly unpaid for, leaving the balance due plaintiff, and for which he should have judgment, the sum of $3,216.95.

For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof from $3,684.60 to $3,216.95, and as thus amended it is affirmed; plaintiff to pay the costs of appeal.